HASSARD, Respondent, vs. TOMKINS and another, Appellants.

*October 31 — November 16, 1900.*

*Money had and received: Rent paid in services: Lease: Ratification: Order for payment of money: Application.*

1. Defendants, being entitled to a half interest in land the title to which was in plaintiff, leased the whole tract for a term of years, one half of the first year's rent to be paid by clearing the land. *Held,* that plaintiff could not, under any circumstances, recover from defendants, in an action for money had and received, his share of the rent so paid.

2. Although the lease in such case was made without direct authority from plaintiff, he became aware of its terms after it was made, received payments thereon, and treated the lessee as his tenant. *Held*, that he thereby ratified the lease as made.
3. An order directing the drawee to pay money to a third person and charge it to a certain account between the drawer and drawee becomes, when accepted and paid, a contract definitely applying the money paid to said account.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This is an action for money had and received. The facts were not materially in dispute, and are as follows: In the year 1891 the plaintiff was the equitable owner of a quarter section of land in Ashland county, and made a contract with the defendants, who are lawyers, to take the necessary legal proceedings to perfect his title, for which services the plaintiff was to deed to the defendants a one-half interest in the land as soon as the title was perfected. Thereafter the defendants perfected the title, but the deed of division of the land was not made until July, 1895. April 2, 1894, the defendants made a written lease of the land to one Johnson for five years at the rate of $200 per year, payable quarterly, one half of the first year's rent to be paid in clearing and grubbing the premises. This lease was made without direct authority from the plaintiff, but in the year 1895 he knew its terms and made no objection. Johnson performed the grubbing, and it was indorsed upon the lease by the defendants. Thereafter Johnson paid the defendants $290 in cash on the rent and· *Hassard* $95. The defendants paid over to *Hassard* $100 of the rent which they had received. The evidence further shows that there was an unsettled personal account between the defendant *Tomkins* and the tenant, Johnson, for potatoes, lumber, and other supplies furnished by *Tomkins*, and in October, 1897, *Tomkins* made the following order: "*To Andrew Johnson:* Please pay to Mitchell Brothers the sum of one hundred and four dollars ($104),

and charge the same to my account. October 4, 1897. W. M. TOMKINS." Johnson paid this order to Mitchell Bros., and afterwards charged it up on the rent account, but he was never authorized to do so.

The jury rendered a verdict of $99.50 for the plaintiff. The court set aside the verdict unless the plaintiff would remit $10 therefrom, which he did, and judgment was thereupon rendered for the plaintiff for $89.50 and costs, and the defendants appeal.

For the appellants there was a brief by *Tomkins & Merrill*, and oral argument by *Geo. F. Merrill*.

For the respondent the cause was submitted on the brief of *Geo. P. Rossman*.

WINSLOW, J. As will be seen from the statement of facts, the defendants have paid the plaintiff one half of all the cash received by them from Johnson, and the only claims about which there is any possible dispute are with respect to the $100 paid by Johnson in clearing and grubbing the land, and the $104 paid by Johnson upon the order of *Tomkins*.

As to the first item there are two sufficient answers to the plaintiff's claim: (1) The action is for money had and received, and this amount was never received by the defendants under any possible theory. (2) Conceding that the defendants were not authorized to make the lease containing this provision, still the plaintiff, by his own admission, was aware of its terms in 1895, and thereafter received payments thereon, and treated Johnson as his tenant, without objection; thus ratifying the lease as made.

As to the item of $104, it appears without dispute that *Tomkins* individually had an unsettled account with Johnson for supplies furnished. The order directs Johnson to pay Mitchell Bros. $104 and charge it to *Tomkins's* account. Johnson paid the money to Mitchell Bros. pursuant

to the order.  Having made the payment under the order,
he was bound to apply the payment as the order directed.
He could not apply it to the rent account without *Tomkins's*
consent, because the order, when accepted and paid by John-
son, became a contract, which definitely applied the money
paid under it to *Tomkins's* account.

A verdict for the defendants should have been directed.

*By the Court.*— Judgment reversed, and action remanded
for a new trial.